# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50655
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 28, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ABRAHAM HAMILTON,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:13-CR-168

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Abraham Hamilton challenges the sentence imposed following his guilty plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. He contends the 57-month, within-Guidelines sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals provided in 18 U.S.C. § 3553(a). According to Hamilton, Sentencing Guideline § 2L1.2 is not empirically based and effectively double

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

counts a defendant's criminal record.   He also contends the advisory Guidelines-sentencing range overstated the seriousness of his non-violent reentry offense and failed to account for his personal history and characteristics, specifically, his lack of education, his having suffered physical and psychological abuse as a child, and his current memory loss, anxiety, and depression.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007).   In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).   Hamilton does not claim procedural error.   And, because he did not object in district court to the substantive reasonableness of his sentence, review is only for plain error.   *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007).

Under that standard, Hamilton must show a plain (clear or obvious) forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).   If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.   *See id.*   (Hamilton concedes plain-error review applies but seeks to preserve, for possible further review, his contention that no objection to the reasonableness of a sentence is required.)

"A discretionary sentence imposed within a properly calculated [G]uidelines range is presumptively reasonable."   *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (citations omitted).   Hamilton

contends this presumption should not apply to sentences calculated under § 2L1.2 because the Guideline is not empirically based. He concedes, however, this contention is foreclosed by circuit precedent. *See United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009) (also rejecting assertion that double-counting necessarily renders a sentence unreasonable); *United States v. Mondragon-Santiago,* 564 F.3d 357, 366–67 (5th Cir. 2009). Further, this court has held the Guidelines do not overstate the seriousness of illegal reentry, when it is claimed to be only a non-violent, international-trespass offense. *United States v. Juarez-Duarte,* 513 F.3d 204, 212 (5th Cir. 2008).

The district court considered Hamilton's request for a downward variance, but concluded a sentence at the bottom of the applicable, advisory Guidelines-sentencing range was appropriate, based on the circumstances of the case and the § 3553(a) factors. Hamilton's various challenges to the advisory sentencing range are insufficient to rebut the presumption of reasonableness. He has, therefore, failed to show clear or obvious error regarding his sentence.

AFFIRMED.